INHABITANTS OF CUTLER *versus* EBENEZER C. MAKER.

A justice of the peace is not authorized by the statute to take depositions in cases where he is, or has been counsel or attorney.

But such justice may issue notices to the adverse party, returnable before another magistrate.

The cause of action by one town against another for the support of a pauper, accrues at the time of the delivery of the notice that the expenses have been incurred. At that time the statute limitation of two years, within which the action is to be commenced, begins.

Under R. S., c. 32, § 50, a town may recover of a pauper the expenses incurred by it for his support, whether legally settled in such town or not.

A form of notice to be given by the overseers of the poor of one town to those of another in relation to supplies furnished to, or expense incurred for a pauper, may be found in the case of *Kennebunkport* v. *Buxton*, 26 Maine, 61.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

This was an action of ASSUMPSIT to recover a sum of money,

alleged by the plaintiffs to have been paid by them to the town of Rockland, for the support and relief of the defendant as a pauper.

The general issue was pleaded and joined. To make out the case, on the part of the plaintiffs, they offered the deposition of one Elkanah S. Smith, taken in Rockland; but the adverse party was not present.

The magistrate who took the deposition, certified that the adverse party was notified by George F. Talbot, justice of the peace, said Talbot being the *attorney of the plaintiffs.*

The deposition was objected to by the defendant on the ground, that he was not notified of the taking according to law. But the presiding Judge overruled the objection. The plaintiffs also introduced, and read as evidence to the jury, the deposition of George S. Wiggin. The plaintiffs also introduced as a witness one Isaac Wilder, who testified, that he resided in Cutler; has resided there about fifteen years; is acquainted with defendant, Ebenezer C. Maker; that he is usually called "*Eb Maker;*" no other Eben'r Maker in Cutler; that he knew the defendant went to Rockland in the spring of 1852, that is, that he *started* to go there; that from 1852 to the present time, the pecuniary circumstances of the defendant have been very poor; that he, Wilder, was postmaster in Cutler in April, 1852; that the memorandum on the top of the envelope annexed to Smith's deposition, dated April 28, 1852, is in his, (Wilder's,) handwriting, and was made by him at the time the letter was received in Cutler, &c.

Upon this evidence, the defendant contended, that the action was not by law maintainable; that there was no proof of the identity of defendant with the person who fell into distress and was relieved by the overseers of the poor of Rockland; that no legal notice was given to Cutler; that defendant had no legal settlement in Cutler at the time the supplies were furnished and the expenses incurred; and that the inhabitants of Cutler were not obliged by law to pay the money to Rockland when it was paid, more than two years having

expired after the supplies were furnished and the expenses incurred. But the several points of law, raised by the defendant, were, for the purposes of the trial, overruled by the Court. The jury returned a verdict for the plaintiffs.

To the foregoing directions, judgment and opinions of the presiding Judge the defendant excepted.

*George F. Talbot*, attorney for plaintiffs.

1. The deposition of Elkanah S. Smith, was properly admitted by the Court. Section 5 of c. 133 of the Revised Statutes, provides that a justice of the peace, upon application to him by either party to procure the deposition of a witness, may issue a summons to the deponent, and also a notice to the adverse party, to take the deposition of such witness, before himself or any other justice or notary. It does not require the justice to be disinterested or not of counsel, probably for the reason that the act of giving notice is a mere ministerial act, and one which cannot affect the character of the evidence, or the result of the judgment betwixt the parties litigant. The filling up of the notification is a mere clerical act; the party, and not the magistrate, indicating the names of the witnesses, and selecting the time and place for taking their testimony, to suit his own convenience. An interested or corrupt magistrate, though disposed, could not prejudice either party by his manner of giving notice, because if his notification was irregular in form or objectionable in substance, a magistrate, required to be disinterested, or in case the notification was annexed to the deposition, the tribunal to try the rights of the parties, would set it aside.

If a notification to take a deposition be given by the attorney of one of the parties, and such attorney should undertake to take such deposition, it would be illegal, not because the *notice* was illegal, but because the *taking* was illegal.

2. The question of the identity of the person named in the notice and the defendant, is only open to the defendant, as a reason for excluding the deposition. The fact of iden-

tity, upon the evidence given by Wilder, and the whole testimony, has been found by the verdict of the jury.

3. The counsel for defendant makes two points against the suit being maintainable; (1st,) on the ground that the action, should be brought against the defendant by the inhabitants of Rockland, and (2d,) that the suit is not maintainable because defendant is a pauper, and there was no legal consideration for a promise to pay the demand sued; which points may be answered thus: —

(1st.) The action is rightly brought by plaintiffs against defendant, under § 50, of c. 32, of Revised Statutes: — " Any town which has incurred expense," (the language is general, and covers expense incurred directly in furnishing supplies, and expense incurred by paying for supplies furnished by another town, and which plaintiff town was legally bound to reimburse,) " may recover the amount of the same against such person."

In *Alna* v. *Plummer*, 4 Maine, 258; *Hanover* v. *Turner*, 14 Mass, 227, and *Medford* v. *Learned*, 16 Mass. 215, it has been held that the relieving town might look to the town where the person relieved had his settlement, or directly to the person relieved, for reimbursement.

(2d.) The fact that defendant was a pauper, and that therefore there could be no legal consideration for a promise to reimburse a town for expenses incurred for him, would be a good defence, in the absence of any statute provision upon the subject, and the Court seemed so to construe it in the case of *Medford* v. *Learned*, where they refused to give a retroactive effect to a provision of the Massachusetts Statutes, similar to § 50, c. 133, of our Revised Statutes.

4. The town of Cutler was under legal obligation to pay the amount incurred for the relief of defendant at the time they so paid it, viz., March 1, 1854. The notice to the town of Cutler, by the town of Rockland, was mailed April 23, 1852, and received at Cutler April 28, 1852. Section 29 of c. 32, R. S., provides that the expenses incurred by any town, for the relief of a pauper of another town, found there in dis-

tress, " three months next before written notice given to the town to be charged, may be sued for and recovered by the town incurring the same against the town which is liable for the same in an action at law, provided that such action for damages be instituted within two years after the cause of action shall have arisen, but not otherwise." Here is a limitation within which this class of actions must be brought. The commencement of this period is clearly intelligible; it is three months prior to giving notice, if supplies had been furnished so early. It dates from a period calculated, not upon the time that supplies were furnished, but upon the time notice was given.

The termination of the limited period is equally explicit and unmistakeable; it is two years next after the cause of action has arisen. When does the cause of action arise? Not at the furnishing of the supplies, for that alone furnishes neither a moral nor a legal consideration of a promise to pay. Not certainly at the furnishing of the supplies; for if so, then a suit might be commenced prior to giving notice, and without giving notice. The town has no cause of action but a legal cause of action, and has not that until the legal preliminary of notice has been complied with. The cause of action arises, then, *at the giving of the notice,* and extends thence a period of two years. *Uxbridge* v. *Seekonk,* 10 Pick. 150; *Attleborough* v. *Mansfield,* 15 Pick. 19.

*J. A. Lowell,* for defendant.

1. The deposition of Elkanah S. Smith was improperly admitted, there having been no legal notice to the adverse party; the justice who issued the notice being the attorney of the plaintiffs of record, and conducting the case on their part at the trial. R. S., c. 133, § § 2, 5, and Act of 1849, c. 119.

2. *No legal notice was given by the overseers of Rockland to the overseers of Cutler.* Without the deposition of Smith it would not appear what notice, or whether any notice was given. The defendant's name is *Ebenezer C. Maker.* The letter from the overseers of Rockland, dated Jan. 20, 1854, attached to George S. Wiggin's deposition, says the supplies were fur-

nished to *Eben* Maker, a pauper belonging to the town of Cutler, in Feb. 1852.

3. *The action is not by law maintainable.* Section 50 of c. 32, which is relied upon on the other side, does not authorize such an action as this, where one town has paid money to another town for expenses incurred by such other town for the relief of one, who had fallen into distress in such other town. It was intended for the benefit of the town which had incurred the expense in the support of the pauper, or person relieved, that they might have a right of action against *him*, as well as against the town in which he had his lawful settlement; for they might lose their cause of action against the town, by neglect or otherwise, and, by this section, if he had property, or should thereafter procure any, the action might be maintained against him, if commenced within six years after the expenses were incurred.

The language of the section seems to warrant this construction; viz.: — "Any town which has incurred expense for the support of any pauper, whether legally settled in such town or not, may recover the amount of the same against such person, his executors or administrators, in an action of assumpsit." This would authorize Rockland to maintain the action against the person relieved. 12 Mass. 328; 4 Maine, 258; 14 Mass. 227.

4. The inhabitants of Cutler were not obliged by law to pay the money to Rockland when it was paid, March 1, 1854, more than two years having elapsed after the supplies were furnished and the expenses incurred.

The right of a town to recover for expenses incurred in the relief of a pauper by an action at law against the town in which the pauper has his lawful settlement is *conditional*, (§ 29,) "provided that such action for damages be instituted within two years after the cause of action shall have arisen; but not otherwise." *Readfield* v. *Dresden*, 12 Mass 317; *Harwich* v. *Hallowell* 14 Mass. 185; *Hallowell* v. *Harwich*, 14 Mass. 186. These were cases under the statute of Mas-

sachusetts, 1793, c. 59, § 9, which contains the same proviso, in the same language, as our own statute.

HATHAWAY, J. — The defendant contends that the rulings of the Judge who presided at the trial, were erroneous in sundry particulars, as presented by his bill of exceptions.

The statute confers general authority upon a justice of the peace to take depositions, but not in cases where he is or has been counsel or attorney.

The statute also confers general authority upon a justice of the peace to issue notices to the adverse party, without any restriction as to his being or having been counsel or attorney in the cause.

It is often convenient, in practice, for an attorney in a cause to issue such notice, and if he is a justice of the peace, he is authorized by the statute to issue it returnable before another magistrate, as was done in this case.

The notice given by the overseers of Rockland to the overseers of Cutler, seems to have been copied from the notice given in *Kennebunkport* v. *Buxton*, 26 Maine, 61, which was held sufficient.

The action is legally maintainable by R. S., c. 32, § 50.

The cause of action by one town against another accrues at the time of the delivery of the notice that the expenses have been incurred, and the statute limitation of two years, within which the action is to be commenced, begins at that time. *Camden* v. *Lincolnville*, 16 Maine, 384; *Augusta* v. *Vienna*, 21 Maine, 298.

The two years had not elapsed when the plaintiffs paid the money to Rockland, and they were then legally liable to pay it.                    *Exceptions overruled.*

*Judgment on the verdict.*

TENNEY, C. J., and APPLETON, GOODENOW and MAY, J. J., concurred.